IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEW ATLAS DOT COM, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-149-D |
| ) | |
| PIZZA INN I-40 WEST, INC., ) | |
| ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On January 29, 2013, the Court conducted a bench trial regarding only the issues that remain for decision after a summary judgment ruling, as set forth in the Amended Final Pretrial Report [Doc. No. 54]. Plaintiff New Atlas Dot Com, Inc. appeared for trial through its attorney, Jerry J. Dunlap, II; Defendant Pizza Inn I-40 West, Inc. appeared through its attorney Rick E. Romano. Upon consideration of the evidence, and the case record, the Court finds and rules as follows.

**Findings of Fact**

1. This action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, concerns infringement of Plaintiff's copyright of certain maps, pursuant to a certificate of registration from the Copyright Office, No. VA-1-105-261, for an identified work entitled, "Street Atlas of Oklahoma City."

2. The Complaint was filed February 15, 2011; service of process was accomplished February 23, 2011; and the Clerk entered Defendant's default pursuant to Fed. R. Civ. P. 55(a) on March 31, 2011.

3. Plaintiff satisfied all procedural requirements for entry of a default judgment under Fed. R. Civ. P. 55, but the Court determined that an evidentiary hearing was needed to permit an award of damages. On August 3, 2011, Defendant's corporate representative appeared at the

hearing, without counsel, in opposition to Plaintiff's Motion for Default Judgment, and the hearing was continued to permit Defendant to obtain legal representation.

4.  Defendant subsequently appeared through counsel and opposed Plaintiff's motion for default judgment. Upon the filing of subsequent motions by Defendant, the Court vacated the entry of default, and Defendant answered the Complaint on September 21, 2011.

5.  At the close of discovery, the parties filed cross-motions for summary judgment. The validity of Plaintiff's copyright was not challenged; the only issues for decision were whether Defendant infringed a protected right and whether Defendant could establish a defense. The Court issued its summary judgment ruling on November 9, 2012, granting Plaintiff's motion except with respect to damages, and denying Defendant's motion.

6.  The Court ruled by summary judgment, and the parties have stipulated in the Amended Final Pretrial Report, that Defendant infringed Plaintiff's copyright by the unauthorized, public display of copies of Plaintiff's original work. The only issues presented for decision at trial were: 1) the amount of statutory damages to be awarded to Plaintiff under 17 U.S.C. § 504(c)(1); and 2) whether the amount should be reduced upon proof by Defendant that it "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright," as provided by § 504(c)(2).[1] The following facts are relevant to these issues.

---

[1] The Amended Final Pretrial Report also includes contentions that Plaintiff is seeking "injunctive relief requiring Defendant to deliver up all copies of the Plaintiff's work for destruction and an award of attorney fees and costs pursuant to Title 17 USC Section 505." *See* Am. Final Pretrial Report [Doc. No. 54]. Defendant produced the two maps at issue in court during the trial, and disclaimed any interest in keeping them. Defendant represented that its attorney had taken custody of them shortly after he was retained, and he offered to deposit them with the Court. After the trial, however, the Clerk retained only the largest map, which was admitted into evidence. Thus, it appears that while injunctive relief is unnecessary, Defendant should be ordered to deliver all copies of the maps to Plaintiff at the conclusion of the case; such an order will be included in the judgment. Plaintiff's request for attorney fees and costs should be made by post-judgment motion, filed pursuant to Fed. R. Civ. P. 54, LCvR54.1 and LCvR54.2.

7. From 1999 until September of 2012, Jerry Dan Wright was president, chief executive officer, and majority shareholder of the corporate plaintiff. He formed the corporation and invested substantial resources to create the copyrighted work. The corporation offered copies for sale as a published street atlas and as customized maps created for particular businesses. The price of a customized map depended on factors such as size, but the average price charged to a customer (based on 50 or 60 custom-map projects) was $89.99. One market for customized maps was restaurants that provided delivery services, such as pizza restaurants.

8. On January 5, 2011, Mr. Wright visited for the first time Defendant's pizza restaurant at 6801 S.W. 3rd Street in Oklahoma City to eat lunch; the restaurant was then fairly new. Mr. Wright observed on public display a large poster-sized map that he immediately recognized as an enlarged copy of certain pages of Plaintiff's copyrighted atlas.[2] Although the outer margins of the pages had been altered to remove the copyright notice, the wall map clearly contained in two places the following legend:

>COPYRIGHT © 2007,
>NEW ATLAS dot COM, INC.™
>ALL RIGHTS RESERVED

Def.'s Exhibit 1. The map reflects that one of these legends appears within inches of the spot that depicts the location of Defendant's restaurant.

9. Mr. Wright discussed the maps with two persons during this visit, one of whom appeared to be the manager of the restaurant. Although Mr. Wright did not recall the manager's name or face, Defendant's owner and corporate representative, Fawzi Allen Odetallah, admitted during his trial testimony that he was the person with whom Mr. Wright spoke on January 5, 2011.

---

[2] The printed portion of the map is approximately 2 ½ feet wide and 4 feet long, but the full size copy, which has been laminated, is approximately 3 feet by 4 ½ feet.

Mr. Wright informed Mr. Odetallah during their conversation that the wall map was an unauthorized copy of Plaintiff's copyrighted work.

10. During their conversation, Mr. Odetallah also showed Mr. Wright a smaller, but otherwise identical copy of the wall map posted in a kitchen area of the restaurant near an office. Mr. Wright also observed a third map, which was not a copy of Plaintiff's map, that appeared to him to be taken from a Feist Yellow Pages publication. Mr. Wright testified credibly that he advised Mr. Odetallah that copyright law prohibited Defendant from using the maps in its business.

11. On January 6, 2011, Mr. Wright wrote a letter to Mr. Odetallah at the restaurant location, demanding that Defendant remove the maps and offering to sell Defendant a customized map. Mr. Odetallah denies receiving this letter, and no proof of receipt was presented at trial. Mr. Wright testified that a custom map similar to the infringing ones would have cost Defendant $89.99.

12. Mr. Wright made another visit to Defendant's restaurant on January 19, 2011, and observed the maps still on display. He then initiated this lawsuit. During the pendency of the case, Mr. Wright visited the restaurant again on June 20, 2011, and observed the map still on the wall.

13. Defendant's restaurant derives income primarily from buffet-style service of menu items. However, it also provides delivery service to customers. Approximately ten percent of the restaurant's income is derived from delivery sales.

14. On one visit, Mr. Wright personally observed an employee of Defendant who was answering the telephone use one of the maps. The employee pointed to the map and traced a route on it while on the phone.

15. The origin of the two infringing maps is unknown, although it appears they were copied from a printed version of Plaintiff's 2007 street atlas. Mr. Odetallah testified that he

purchased the maps at an Edmond auction in 2010 from Dakil Auctioneers, Inc. as part of a group of used office items.

16. Defendant is a franchisee of Pizza Inn, Inc. Mr. Odetallah is the owner, manager, and president of the corporate defendant. Defendant's restaurant opened at its current location near I-40 and Rockwell Avenue in 2010. Mr. Odetallah relocated a restaurant from Bethany. The location appears at the left edge of the wall maps; the maps do not correspond with Defendant's current delivery area, which is assigned by the franchisor.

17. Defendant utilizes a computerized operational system that was initially obtained in 2010 in connection with its franchise. The system provides electronic record-keeping and order-tracking functions. It also includes a mapping function for delivery orders that identifies a customer and location, and can generate a map and driving directions.

18. Mr. Odetallah wrote a letter to Plaintiff's attorney dated March 6, 2011, after he received service of the lawsuit. He also sent an email message the next day. The letter and message were introduced as trial exhibits. They reference this case, explain Mr. Odetallah's purchase of the infringing maps at auction, apologize for his misunderstanding of the copyright issue, and offer to return the maps. Plaintiff's attorney discussed the letter or message with Mr. Wright, and elected not to respond but to proceed with the lawsuit.

19. Mr. Odetallah testified he did not initially hire an attorney to defend the case because he did not believe Defendant had done anything wrong. He concluded his trial testimony by stating he still believes Defendant did nothing wrong. He maintained that he purchased the infringing maps, did not pay attention to the word "copyright," and does not understand what is wrong with using them.

20.     Mr. Odetallah delivered the maps to Defendant's attorney in August, 2011. Mr. Odetallah stated at trial his desire to relinquish them to Plaintiff. He emphasized that they were unnecessary to Defendant's business and that delivery orders generate a fraction of Defendant's income.

## Conclusions of Law

Plaintiff has previously established Defendant's liability for copyright infringement of an original work, and now requests an award of statutory damages in the amount of $15,000.00 pursuant to 17 U.S.C. § 504(c)(1). This provision provides in pertinent part as follows:

> (c) Statutory Damages. –
>
> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in <u>a sum of not less than $750 or more than $30,000 as the court considers just</u>.

17 U.S.C. § 504(c)(1) (emphasis added). The determination of a just amount within the statutory range is a matter within the trial court's broad discretion. *See F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232 (1952). Several considerations may guide the exercise of discretion: the blameworthiness of the infringer, such as whether the infringement continued after the receipt of notice and whether the infringer had engaged in other infringing conduct; the infringer's profit or gain, or lack thereof; the copyright owner's damage or loss, or lack thereof; and various other factors, such as the value of the copyright or the size of the infringer's operation or business. *See* Alois Valerian Gross, Annotation, *Measure of Statutory Damages to Which Copyright Owner is Entitled Under 17 U.S.C.A. § 504(c)*, 105 A.L.R. Fed. 345 (1991).

In this case, Defendant requests a reduction of the award to $200.00 based on a statutory defense provided by § 504(c)(2), which provides in pertinent part:

> . . . In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. . . .

17 U.S.C. § 504(c)(2). Defendant bears the burden to prove that its infringement was innocent. *See D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990).

Upon consideration of the evidence and the factual circumstances set forth above, the Court finds that an appropriate award in this case is $2,250.00. First, Defendant has not carried its burden to prove innocent infringement. This finding is based on the established facts that the copyright notice is plainly stated on the infringing maps, that Mr. Wright expressly informed Mr. Odetallah of Plaintiff's copyright protection, that Defendant received notice through the filing of this lawsuit and a motion for default judgment of the infringement claim, and that Mr. Odetallah acknowledged the copyright claim in his communications to Plaintiff's counsel. Notwithstanding repeated notices, Defendant did not remove the infringing maps for more than six months after Mr. Odetallah personally received notice of Plaintiff's claim.

In addition to Defendant's continued infringement with notice of Plaintiff's copyright, the Court finds that more than a minimal amount of damages is appropriate for several reasons. The primary reason is Mr. Odetallah's continued refusal to acknowledge Defendant's infringement and, even at trial, his persistence in denying the wrongfulness of Defendant's conduct. A significant award is warranted to impress on Defendant the legal protections afforded to a copyrighted work, and to prevent future acts of infringement by Defendant. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990) (observing that "'the court may, if it deems it just, impose

a liability within [the] statutory limits to sanction and vindicate the statutory policy' of discouraging infringement") (quoting *F.W. Woolworth Co.*, 344 U.S. at 233).  Further, while Plaintiff's actual damages may not be great, the fact of damages is established by Plaintiff's loss of a customized mapping project.  Similarly, while Defendant's actual gain is not capable of exact proof, the fact of benefit or gain is establish by Plaintiff's unrebutted evidence that the infringing maps were actually used by Defendant in its business.  Employees may not need to use printed, wall-sized maps for delivery orders, but the evidence showed that an infringing map was in fact posted near a telephone and utilized for employees' convenience.  Further, while telephone orders do not represent a substantial part of Defendant's income, they do in fact generate sales and profit to Defendant.  In short, upon consideration of all circumstances shown by the record, the Court finds that an amount representing three times a minimum award is appropriate, resulting in an award of $2,250.00.

IT IS THEREFORE ORDERED that Plaintiff is entitled to a judgment against Defendant for a statutory award of damages in the amount of $2,250.00.  A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 503(b), Defendant shall promptly return to Plaintiff all infringing copies of the copyrighted maps at issue in this case.

IT IS SO ORDERED this 4th day of February, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE