IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEW ATLAS DOT COM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-149-D |
| | ) |
| PIZZA INN I-40 WEST, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion for Fees and Costs [Doc. No. 64], which Defendant has timely opposed. The Motion is fully briefed and at issue.[1]

On February 4, 2013, the Court entered a judgment in favor of Plaintiff New Atlas Dot Com, Inc. on its claim for copyright infringement; awarded statutory damages in the amount of $2,250.00; and ordered Defendant Pizza Inn I-40 West, Inc. to return all infringing copies of the protected maps at issue. On March 28, 2013, the Clerk taxed costs in the amount of $698.70.[2] By the instant Motion, Plaintiff seeks an award of attorney's fees in the amount of $25,485.00 as the prevailing party under the Copyright Act, 17 U.S.C. § 101 *et seq*. The Motion is supported by the affidavit of Plaintiff's attorney and billing records showing 101.94 hours of time spent on the case. Defendant opposes the Motion on grounds that no award is warranted and that the amount sought is excessive.

The Copyright Act authorizes an award of a reasonable attorney's fee to a prevailing party as a matter of discretion. *See* 17 U.S.C. § 505; *see also Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 (1994). The Supreme Court has endorsed a list of nonexclusive factors that may guide courts in

---

[1] Plaintiff did not file a reply brief within the time period authorized by LCvR7.1(i).

[2] Defendant did not object to Plaintiff's Bill of Costs, and Plaintiff was awarded the full amount of its costs.

exercising their discretion. *See id.* at 534 n.19. "These factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (internal quotation omitted); *see Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005). In considering such factors, courts must be faithful to the purposes of the Copyright Act. *See Fogerty*, 510 U.S. at 534 n.19; *Palladium*, 398 F.3d at 1200. According to the Supreme Court, "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524-25. The policies served by the Copyright Act are complex, however, and reflect a balance of competing interests; "copyright law ultimately serves the purpose of enriching the public through access to creative works." *Id.* at 526-27.

In this case, neither party expressly acknowledges the pertinent factors, but both parties present arguments bearing on them. Plaintiff contends Defendant relied on frivolous defenses and refused to cease its infringing conduct for months after being served with process. In Plaintiff's view, "the purposes of the Copyright Act would be furthered by the imposition of attorney fees and costs upon the Defendant for burdening this Court and the Plaintiff with this litigation for more than two years with remonstrations that the Defendant's purposeful and continued acts of infringement were 'innocent.'" *See* Pl.'s Motion [Doc. No. 64] at 2-3. Defendant, on the other hand, argues that it presented a substantial, although unsuccessful, defense and that Plaintiff's unreasonable position regarding damages protracted the litigation and prevented a mutual compromise and settlement. Defendant also notes it incurred a substantial amount of fees in defense of Plaintiff's claim;

Defendant urges the Court to find that each party should bear its own attorney's fees under the circumstances.

The Court first disagrees with Plaintiff's characterization of Defendant's litigation position. Although the Court granted summary judgment to Plaintiff, the Court simply found that Defendant's public display of Plaintiff's copyrighted maps infringed a protected right, and that Defendant could not establish its "first sale" and "fair use" defenses under the facts shown by the record. Based on a familiarity with the case, the Court cannot say Defendant asserted a position that was frivolous, objectively unreasonable, or factually unsupported, even though its defenses failed as a matter of law at the summary judgment stage. Further, although the Court does not doubt Plaintiff's motivation in filing suit was to stop Defendant from using its maps and to deter Defendant from future infringement, Plaintiff's argument that its pursuit of the litigation was motivated "by the obstinate and continued refusal of the Defendant to cease its infringement" is not clearly supported by the record. *See* Pl.'s Motion [Doc. No. 64] at 2. From the first time Defendant's representative, Mr. Odetallah, appeared in the case on August 3, 2011, Defendant offered to return the infringing maps, but Plaintiff also demanded a substantial award of damages, as discussed below.

The Court agrees with Defendant that Plaintiff's position regarding damages was not well grounded. Plaintiff made no proof of actual damages or Defendant's profits, except by evidence of the average price of a customized map ($89.99) and an estimate of Defendant's delivery sales. Plaintiff instead sought statutory damages in the amount of $15,000.00 pursuant to 17 U.S.C. § 504(c)(1). The Copyright Act authorizes a discretionary award within a range of $750 to $30,000, which may be increased upon proof of willful infringement or may be decreased if the infringer proves innocent conduct. *See* 17 U.S.C. § 504(c)(1)-(2). In this case, the Court found that

Defendant's continued infringement after receiving notice of Plaintiff's copyright warranted more than a minimal amount of damages, and that three times a minimum award, or $2,250.00, was appropriate. Plaintiff's quest for $15,000 in damages was unsupported by record facts or legal authorities, and was not a reasonable position under the circumstances.

Upon careful consideration, the Court finds that neither of the interests furthered by the Copyright Act – encouraging creative work and promoting broad public availability – would be served by awarding an attorney's fee to Plaintiff. Plaintiff's argument in favor of fee-shifting essentially is that Defendant should bear the costs of burdening this Court and Plaintiff with a protracted case and frivolous defense. In the Court's view, however, the parties each bear responsibility for the course of this litigation, and each achieved some measure of success. Plaintiff prevailed, but only after both parties and the Court had expended a substantial amount of resources, including a nonjury trial, in litigating Plaintiff's demand for substantial damages. Accordingly, the Court finds that the parties should each bear the costs of their own attorney's fees.

In summary, the Court finds insufficient reason in this case to exercise its discretion to award fees under § 505, and no award will be made.[3]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Fees and Costs [Doc. No. 64] is DENIED, except for the taxation of costs already awarded by the Clerk.

IT IS SO ORDERED this 2nd day of May, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Because Plaintiff is not entitled to a fee award, the Court does not reach the issue of a proper amount.